B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Trevor Field<br>Alexandra Field<br>25638 Salceda Road<br>Valencia, CA 91355 | **DEFENDANTS**<br>CORONADO STUDENT LOAN TRUST |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>M. Erik Clark 188693<br>Borowitz & Clark, LLP<br>100 N. Barranca Street, Suite 250<br>West Covina, CA 91791-1600<br>(626) 332-8600 Fax: (626) 332-8644 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
DETERMINATION OF DISCHARGE UNDER 11 U.S.C. SECTION 523(A)((8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ 2 ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ 1 ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought**<br>    Declaratory Relief | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Trevor Field<br>Alexandra Field | BANKRUPTCY CASE NO.<br>2:12-bk-48266-BR |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>LOS ANGELES |
| | NAME OF JUDGE<br>BARRY RUSSELL |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

M. Erik Clark 188693

DATE 5/6/2019

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
M. Erik Clark 188693

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>M. Erik Clark 188693<br>100 N. Barranca Street, Suite 250<br>West Covina, CA 91791-1600<br>(626) 332-8600<br>Fax:<br>188693 CA<br>ecf@blclaw.com<br><br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re:<br><br>**Trevor Field**<br>**Alexandra Field**<br><br><br><br><br><br>Debtor(s). | CASE NO: **2:12-bk-48266-BR**<br><br>CHAPTER: **7**<br><br>ADVERSARY NO.: |
|---|---|
| **Trevor Field**<br>**Alexandra Field**<br>                                        Plaintiff(s)<br>             Versus<br><br>**CORONADO STUDENT LOAN TRUST**<br>                                        Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _<br>**Time:**          _<br>**Courtroom:** _ | **Address:**<br>☑ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2016                                               Page 1                                         **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                            **KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary
Proceeding:

By: _____
                Deputy Clerk

Borowitz Clark
M. Erik Clark
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Office: (626) 332-8600
Fax: (626) 332-8644
eclark@blclaw.com

Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDRA and TREVOR FIELD<br><br>Debtors<br><br>ALEXANDRA and TREVOR FIELD<br>Plaintiffs<br>vs.<br><br>CORONADO STUDENT LOAN TRUST<br><br>Defendant | CASE NO.: 2:12-bk-48266-BR<br>CHAPTER: 7<br>ADVERSARY NO.:<br><br>**PLAINTIFFS' COMPLAINT** |

**PLAINTIFFS' COMPLAINT**

Plaintiffs Alexandra and Trevor Field ("Ms. Field" or "Mr. Field," respectively, or "Plaintiffs" collectively), by and through undersigned counsel, hereby file this complaint upon personal knowledge as to those matters within their knowledge, and upon information and belief as to all other matters, as follows:

I.

**PRELIMINARY STATEMENT**

Not all loans made to students are non-dischargeable student loans, including the loans at issue in this action. In fact, only three types of educational loans are excepted from discharge under 11 U.S.C. § 523(a)(8): (1) federal loans and loans made directly by nonprofit colleges and universities; (2) conditional educational grants; and (3) qualified education loans made by private lenders. Defendants, in full knowledge of the scope and application of section 523(a)(8), exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Specifically, Defendants originated and serviced dischargeable consumer loans that are not "educational loans" or "qualified education loans" as that term is defined in the Higher Education Act, the Internal Revenue Code, and the Bankruptcy Code. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a discharge injunction.

## II.

## PARTIES

1. ALEXANDRA FIELD is an individual and a resident of this district who filed for relief under Title 11 in this Court in 2012.

2. TREVOR FIELD is an individual and a resident of this district who filed for relief under Title 11 in this Court in 2012.

3. CORONADO STUDENT LOAN TRUST is a Delaware statutory trust and can be served through its agent at Wilmington Savings Fund Society, 500 Delaware Avenue, 11th Floor Wilmington, DE 19801.

## III.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is brought under Case Number 2:12-bk-48266-BR.

5. This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

6. This Adversary Proceeding is brought under 11 U.S.C § 523(a)(8), 11 U.S.C. § 524, 11 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001(9).

7. Venue is proper in the Central District of California under 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## STATEMENT OF FACTS

### A. The Distinction Between Non-Dischargeable And Dischargeable Educational Debt

1. Private education loans have limited protection from discharge under section 523(a)(8)(B). Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge "any other educational loan" that is a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code.

2. Accordingly, in order for a private student debt to merit non-dischargeability, it must first and foremost be an "educational loan."

3. Second, it must also be a "qualified education loan." Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses." "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution by an "eligible student." A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act. "Cost of attendance" is term of art found in section 472 of the Higher Education Act at 20 U.S.C. § 1087ll, which includes tuition, fees, room, board, books, and living expenses

(hereinafter referred to as "Qualified Student Loans").

4. Consumer loans made to persons to cover expenses at non-eligible institutions, expenses in excess of the "cost of attendance" or to ineligible students are not Qualified Education Loans, and are often times not even "educational loans" in the first instance. These loans remain dischargeable under the Bankruptcy Code and the interest payments are not tax deductible (hereinafter referred to as "Consumer Education Loans").

5. Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places the burden on the creditor to establish by a preponderance of the evidence that the educational debt in question is excepted from discharge.[1]

**B.   Plaintiffs' Background and Procedural History**

8. Alexandra Field attended Berklee College of Music, Boston, Massachusetts, from 2003-2007, as an undergraduate student.

9. Trevor Field attended Berklee College of Music, Boston, Massachusetts, from 2004-2007

10. The "Cost of Attendance" ("COA") for qualified tuition and related expenses at Berklee College of Music for an undergraduate student living on campus from 2003-2007 was as follows:

   a. 2003-2004, $37,000.00.

   b. 2004-2005, $39,467.00.

   c. 2005-2006, $42,392.00.

   d. 2006-2007, $44,473.00.

11. During these years, Ms. Field borrowed federal student loans as follows (collectively as the

---

[1] *See In re Bronsdon*, 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) ("The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents 'undue hardship.'").

"Federal Loans"):

    a. October 8, 2003, $2,625.00 in direct Stafford loans;

    b. September 28, 2004, $3,500.00 in direct Stafford loans;

    c. June 7, 2005, $1,750.00 in direct Stafford loans;

    d. September 27, 2005, $4,000.00 in direct Stafford loans;

    e. September 27, 2005, $1,500.00 in direct Stafford loans;

    f. June 12, 2006, $2,750.00 in direct Stafford loans; and

    g. September 26, 2006, $2,365.00 in direct Stafford loans.

12. In addition, upon information and belief, Ms. Field borrowed private loans as follows (collectively as the "Private Loans"):

    a. On September 8, 2003, Navient originated a loan in the amount of $24,000.00 ("First Loan");

    b. On September 7, 2004, Navient originated a loan in the amount of $24,000.00 ("Second Loan");

    c. On May 23, 2005, Navient originated a loan in the amount of $13,968.00 ("Third Loan");

    d. On September 20, 2005, Navient originated a loan in the amount of $29,600.00 ("Fourth Loan");

    e. On May 30, 2006, Navient originated a loan in the amount of $11,625.00 ("Fifth Loan");

    f. On September 11, 2006, Navient originated a loan in the amount of $16,700.00 ("Sixth Loan");

    g. On January 1, 2007, NCT 's predecessor-in-interest originated a loan in the amount of $31,413.61 which was subsequently assigned to NCT ("Seventh Loan");

    h. On September 10, 2007, Navient originated a loan in the amount of $33,600.00 ("Eighth

Loan"); and

i. On September 10, 2007, Coronado Student Loan Trust's ("CLT") predecessor-in-interest originated a loan in the amount of $21,503.48, which was subsequently assigned to CLT ("Ninth Loan" or "CLT Loan").

13. Upon information and belief, the Ninth Loan was not made solely for the "cost of attendance" and accordingly was not a "qualified education loan" as that term is defined in 11 U.S.C. § 523(a)(8)(B).[2] Nor was the Ninth Loan made under any program funded in whole or in part by a nonprofit institution.

14. Plaintiffs previously litigated and settled their outstanding balances on all of the Private Loans, except the CLT Loan, with Navient and NCT (the "Settled Loans"). During the course of discovery, Plaintiff learned that the CLT Loan had been assigned to a non-party, Coronado Student Loan Trust.

15. In the alternative, repayment of the Ninth Loan would impose an "undue hardship."

16. Plaintiffs' current income is insufficient to repay the all the Settled Loans, Federal Loans, and CLT Loan. Plaintiffs do not anticipate a change in financial circumstances that would enable them to repay the CLT Loan in the future. And Plaintiffs have made a "good faith" effort to repay the CLT Loan.

17. On November 16, 2012, Plaintiffs sought relief under Title 11 in this Court in Case No. 2:12-bk-48266-BR. Plaintiffs properly scheduled the loans on Schedule F of the petition.

18. On February 19, 2013, Plaintiffs debts were discharged in their Chapter 7 bankruptcy case,

---

[2] Where part of a debt is used to cover qualified education expenses and part is not, the debt is a mixed-use loan, and therefore, not a qualified education loan. *See* IRS, 26 C.F.R. 1, REG-116826-97 ("Student I signs a promissory note for a loan which is secured by I's personal residence. Part of the loan proceeds will be used to pay for certain improvements to I's residence and part of the loan proceeds will be used to pay qualified higher education expenses of I's spouse. Because the loan is not incurred by I solely to pay qualified higher education expenses, the loan is not a qualified education loan.").

and any debts not excepted from discharge under 11 U.S.C. § 523 were discharged at that time.

## VI.

## CLAIMS FOR RELIEF

### Count One: Declaratory Judgment

19. Plaintiffs hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

20. Plaintiffs request declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9), that the CLT Loan is not a non-dischargeable educational loans under section 523(a)(8) and was, therefore, discharged upon entry of the Plaintiffs' discharge order.

21. In the alternative, Plaintiffs request declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9), that the CLT are discharged because repayment would impose an "undue hardship" on Plaintiffs.

### Count Two: Contempt Finding for Violations Of The Discharge Order

22. Plaintiffs hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

23. The CLT Loan was discharged under the discharge Order entered by this Court because they were unsecured consumer loans and not non-dischargeable student loans under section 523(a)(8.

24. Defendant CLT or their predecessor in interest were notified of the Discharge Order under Federal Rule of Bankruptcy Procedure 4004(g).

25. Defendant knew the CLT Loan was discharged, and yet intentionally and willfully sought to collect on the CLT Loan after discharge.

26. Plaintiffs request that Defendant CLT be cited for contempt and ordered to pay damages in an amount to be determined at trial for the willful violations of the discharge injunctions pursuant to 11 U.S.C § 105 and also request an award of attorneys' fees and costs.

## PRAYER

27. In light of the foregoing, Plaintiffs request that Defendants be cited to appear and judgment be entered against Defendants for:

(1) declaratory relief that Plaintiffs' CLT Loan was discharged upon entry of the applicable discharge order;

(2) actual damages and monetary sanctions for violations of the discharge order;

(3) attorneys' fees and costs to the fullest extent permitted under the law;

(4) other such relief as the Court deems just and proper.

Respectfully submitted,

_____
M. Erik Clark
Borowitz Clark
Attorney for Plaintiffs
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Office: (626) 332-8600
Fax: (626) 332-8644
eclark@blclaw.com

May 6, 2019